ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
| petitioner, Brandi Michelle Sanders, successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions (“Committee”) declined to certify her for admission to the bar based upon character and fitness concerns relating to her arrest for identity theft and an unpaid judgment against her for nonpayment of a student loan.
Petitioner then applied to this court for admission to the practice of law. We remanded the matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. Following the proceedings, the commissioner filed his report with this court, recommending petitioner be conditionally admitted to the practice of law. The Committee objected *829 to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet her burden of proving that she has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E). Among other issues revealed in the record before us, we find that the pattern of petitioner’s intentionally dishonest conduct which culminated in her arrest for identity theft raises serious questions concerning |?her good moral character.[1] Petitioner’s conduct caused significant injury, which is still continuing, and she has demonstrated neither remorse nor rehabilitation.[2] Based upon these findings, we conclude petitioner does not possess the requisite good moral character to practice law in Louisiana.
Accordingly, it is ordered that the application for admission be and hereby is denied. In accordance with Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until two years have passed from the date of this judgment.
ADMISSION DENIED.

. Petitioner was stopped for moving traffic violations on four separate occasions over a period of nineteen months in 2009 and 2010, and on each such occasion, she deliberately presented a driver’s license belonging to a friend in order to avoid disclosing to law enforcement that her own driver’s license was suspended.

. Indeed, petitioner’s claims of remorse and rehabilitation ring hollow in the face of her repeated suggestions that her conduct was somehow defensible because she was in a "tailspin” after she failed the bar exam and lost her job, and that she did not actually commit the crime of identity theft because she did not apply for any credit cards using her friend’s driver’s license.